# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL BLEDSOE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 14-1128-CV-W-ODS-P |
| JAMES HURLEY, | ) ) ) |
| Respondent. | ) ) |

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Michael Bledsoe, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 15, 2014. Petitioner is not challenging his 2007 convictions and sentences for forcible rape, kidnapping, second degree domestic assault (2 counts), and third degree assault which were entered in the Circuit Court of the City of St. Louis, Missouri. On initial review, it appeared that petitioner was instead challenging the calculation of his parole eligibility date by the Missouri Board of Probation and Parole, and indeed, he is challenging that action in a roundabout way. However, the way the grounds for relief are worded in the petition, it appears that petitioner also is challenging the denial of his state declaratory judgment action by the Circuit Court of Cole County, Missouri, and the subsequent judgment by the Missouri Court of Appeals affirming that decision.

Petitioner raises two grounds for relief: (1) that the state court erred in rejecting petitioner's claim that his parole eligibility should be calculated based on the sentencing court's comments at sentencing; and (2) that petitioner has a right to placement in the Missouri Sex Offender Program at the earliest and most beneficial opportunity in order to fulfill the intent of the sentencing court.

Respondent contends that the petition is untimely. Additionally, respondent contends that

petitioner's grounds for relief are procedurally barred and/or without merit. Because this case presents an example in which "it is considerably easier and thus more judicially efficient to affirm on the merits than to untangle the complexities of the timeliness issue," the Court will address the merits of petitioner's grounds for relief. Jones v. Bowersox, 28 Fed. Appx. 610, 611 2002 WL 215523, **1 (8th Cir. Feb. 13, 2002).

## FACTUAL BACKGROUND

On direct appeal, the Missouri Court of Appeals, Western District, summarized the facts and procedural history of the case as follow:

> In September 2007, [petitioner] was convicted by a jury in the Circuit Court of the City of St. Louis of one count of forcible rape, one count of kidnapping, two counts of domestic assault in the second degree and one count of domestic assault in the third degree. The trial court sentenced [petitioner] to ten years on the forcible rape count, five years each on the kidnapping and both second degree domestic assault counts, and one year on the third degree assault count. The sentences on all but the first charge were ordered to run concurrent to each other for a total of five years, but were ordered to run consecutively to the rape conviction under Count I. Thus, the total sentence was for fifteen years. The rape and kidnapping offenses carry with them a statutory requirement that a defendant serve eighty-five percent of each sentence before being eligible for parole. [RSMo 2000] Section 558.019.3. [Petitioner]'s convictions and sentences were upheld on appeal in a per curiam order. State v. Bledsoe, 272 S.W.3d 473 (Mo. App. E.D. 2008). [Petitioner] also unsuccessfully challenged his sentence under Rule 29.15(k). State v. Bledsoe, 347 S.W.3d 511 (Mo. App. E.D. 2011).
>
> Shortly following his incarceration, [petitioner] received a letter from the Board titled "Relating to Release Consideration." It stated that [petitioner] would be scheduled for a parole hearing in June 2019. Four years later, [petitioner] received another letter similarly titled with a minimum mandatory release date noted as December 12, 2019, and an updated parole hearing date of December 2017. Both letters contained the statement that "this decision is not subject to appeal." However, [petitioner] disputed the calculation and began pursuing what he deemed to be a correct calculation of his parole eligibility.
>
> [Petitioner] contacted the Board in July 2010, asserting that his parole calculation was incorrect. The Board responded that [petitioner]'s contention was incorrect because both the forcible rape and kidnapping convictions carried a

> mandatory eighty-five percent of time served before parole eligibility by statute
> and the Board's calculation that he was not eligible until December 2019, was
> accurate. Following significant correspondence with the Board over the issue,
> [petitioner] filed a Petition for Declaratory Judgment in Cole County against the
> Board and the Missouri Department of Corrections (collectively, the "State"). The
> State answered and then filed a motion for judgment on the pleadings. The court
> granted the motion. This appeal follows.

(Respondent's Exhibit E, pp. 2 - 4).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In Ground 1, petitioner claims that the Cole County Circuit Court, which heard petitioner's declaratory judgment action, violated petitioner's "right to a fair and impartial hearing and his due process" when it failed "to grant appellant's motion to objection to the state's proposed judgment,

---

[1]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

and for denying [his] request for a writ of habeas corpus ad testificandum" because "the respondents did not prove the[petitioner's] claim has no merit in arguing that his parole eligibility should be based on what occurred at his sentencing hearing by the Honorable Judge Joan Burger of the Trial Court." (Attachment to p. 5 of Petition).

Ground 1 essentially can be broken down into two parts - - (a) that petitioner was denied due process when the Cole County Circuit Court overruled petitioner's objection to the state's proposed judgment denying his declaratory judgment petition, because petitioner's parole eligibility should be based on the trial judge's intent when petitioner was sentenced in the Circuit Court of the City of St. Louis; and (b) that petitioner's due process rights were violated when the Cole County Circuit Court denied petitioner's request for a writ of habeas corpus ad testificandum so petitioner could attend and participate in the hearing on his declaratory judgment action.

The Missouri Court of Appeals disposed of these two sub-parts of petitioner's first ground for relief, as follows:

> As to Bledsoe's point regarding the refusal to grant his writ of *habeas corpus ad testificandum*, we note that a prisoner has no constitutional right to appear personally before the trial court in a civil proceeding. *Meadows v. Meadows*, 330 S.W. 3d 798, 802 (Mo. App. S.D. 2011). There are a variety of alternative methods for a prisoner to secure his or her rights to access the courts. *Id*. "The granting of a writ of habeas corpus ad testificandum to appear in a civil proceeding lies within the discretion of the trial court, which should require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness." *Id*. at 803 (internal citations and quotation marks omitted). "[D]ue process is not implicated in the absence of a showing that alternative means are inadequate to secure meaningful access to the courts." *Id*. at 802 (internal citations and quotation marks omitted). Bledsoe makes no argument under this point that his rights were not adequately protected absent his personal appearance before the trial court. This portion of the multifarious point is denied.

The comment by the sentencing court, which gives rise to Bledsoe's argument, was that "[t]he legislature intended that sex crimes would be consecutive to give extra punishment - - consecutive to any other offense.  And in your case, because the State only asked for fifteen years and that was my only intent, it ends up benefitting you."  This comment was made after sentencing had been pronounced during a discussion of Bledsoe's rights pursuant to Rule 29.15.  The sentencing court subsequently stated, "Because the only 85 percent - - where you have to serve 85 percent is the rape count."  Shortly thereafter the court went on to state "and that is now 10 years rather than 15.  So, in any case, that concludes the matter."

Bledsoe argues that, based on these statements by the sentencing court, the Department cannot enforce the statutory requirement that he serve eighty-five percent of the sentence for kidnapping before he is eligible for parole.  However, the sentencing court has no authority whatsoever on matters of parole; rather, it is the Department "that performs the ministerial act of initially determining whether and when a defendant qualifies for early release from prison . . ."  *Talley v. Mo. Dep't of Corr.*, 210 S.W. 3d 212, 214 (Mo. App. W.D. 2006) (citing *Boersig v. Mo. Dep't of Corr.* 436 S.W. 3d 692, 699 (Mo. App. W.D. 2014 (citing *Edger v. Mo. Bd. of Prob. & Parole*, 307 S.W. 3d 718, 720 (Mo. App. W.D. 2010)).  In light of the foregoing, it is clear that the sentencing court's off-hand comments after sentence was pronounced carry no legal authority with regard to parole eligibility.

Bledsoe cites *State v. Cowan* in support of his contention that the sentencing court's inaccurate comments should be a basis for remand to re-calculate his parole.  247 S.W.3d 617 (Mo. App. W.D. 2008).  In *Cowan*, a hearing on a defendant's motion to set aside his plea of guilty took place at which he admitted that he had lied when he initially pled guilty.  The court explained to him that setting aside the plea would result in charging him as a prior and persistent offender, which would increase the range of punishment.  The court, however, announced an incorrect range of punishment.  *Id*. at 619.  After Mr. Cowan said he understood, the court set aside his plea and scheduled a jury trial.  Following a jury's conviction, the court sentenced him.  Because the trial court had misinformed Cowan of the correct range of punishment before sentencing while he was withdrawing his plea, we remanded the case for re-sentencing and a "reconsideration" of the "question of

> punishment." *Id*.
>
> In the case at bar, the range of punishment for the conviction that the sentencing court announced was correct. There was no error in sentencing or in the pronouncement of the sentence ranges that Bledsoe's convictions carried. As such, *Cowan* is inapposite as it has nothing to do with parole; rather, it has to do with what the sentencing court has authority to do, which is to set the sentence. Further, even if there had been an error, the exclusive procedure for challenging a sentencing error is under Rule 29.15, not a declaratory judgment action. *Charron v. State*, 257 S.W. 3d 147, 153 (Mo. App. W.D. 2008).

(Respondent's Exhibit "E," pp. 7 - 10).

The resolution of Ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]

Ground 1 is denied.

## GROUND 2

In Ground 2, petitioner claims that the Cole County Circuit Court "erred and abused its discretion in failing to grant appellant's motion to objection to the state's proposed judgment and

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

for denying said request for writ of habeas corpus ad testificandum" because "dong so violated [petitioner's rights to a fair and impartial hearing and his due process right as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(A) of the Missouri Constitution in that the respondents did not prove that appellant's claim has no merit in arguing the he should be allowed to be placed into the MOSOP Program at the earliest and most beneficial time to coincide with his sentencing structure by the Honorable Judge Joan Burger of the trial court. (Attachment to p. 5 of the Petition at 5(A)).

Ground 2 also essentially can be broken down into two parts - - (a) that petitioner has a right to placement in the Missouri Sex Offender Program at the earliest and most beneficial opportunity in order to fulfill the intent of the sentencing court; and (b) a repeat of petitioner's complaint in Ground 1 that petitioner's due process rights were violated when the Cole County Circuit Court denied petitioner's request for a writ of habeas corpus ad testificandum so petitioner could attend and participate in the hearing on his declaratory judgment action.

The second part of Ground 2 is the same as the second part of Ground 1 and will be denied for the same reasons set forth previously.

The Missouri Court of Appeals disposed of the first sub-part of petitioner's second ground for relief, as follows:

> In Point II, Bledsoe argues that, based on the incorrect calculation of his parole eligibility as discussed in Point I, the circuit [court] erred in dismissing his claim that he should be enrolled in the MOSOP "right away." Bledsoe contends that since his parole date is earlier than the Department has calculated, he needs to complete the program as soon as possible so that he is finished with it by the time of his anticipated earlier parole date. The circuit court dismissed Bledsoe's claim finding that it did not state a claim for relief. We agree.

Section 589.040 requires that inmates convicted of sexual offenses participate in rehabilitative programs offered by the Department while the offender is incarcerated, to wit:

> 1. The director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses. When developing such programs, the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs, and the director shall utilize those concepts, services, programs, projects, facilities and other resources designed to achieve this goal.
>
> 2. All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section **prior to being eligible for parole** or conditional release.

§ 589.040.1-2 (emphasis added).

Bledsoe cites this statute to argue that he has a right to be placed in MOSOP as soon as possible. A straightforward reading of the statute, however, does not bear out his interpretation. Indeed, while the section clearly directs the Department to develop a treatment program for sex offenders, it does not mandate a deadline or timeframe for enrolling or completion other than that the inmate must "successfully complete" the program prior to being eligible for parole. Missouri law is clear that an inmate has no protected liberty interest in being placed in a treatment program by a certain date. *See Winslow v. Nixon*, 93 S.W.3d 795, 800 (Mo. App. E.D. 2002); *Goforth v. Mo. Dep't of Corr*, 62 S.W.3d 566, 568-69 (Mo. App. W.D. 2001).

In denying Bledsoe's claim of error in Point I, we upheld the Department's determination as to when Bledsoe would become eligible for parole. As the circuit [court] stated, "Bledsoe suffers no prejudice to his possibility for parole as long as he is given the opportunity to complete MOSOP before he becomes parole eligible in December 2019." Because Bledsoe has identified neither a protected interest nor a violation of that interest, his claim has no legal merit. Therefore, the circuit court did not err in dismissing his claim without prejudice. Point II is denied.

(Respondent's Exhibit "E," pp. 14, 15).

The resolution of Ground 2 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).

Ground 2 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) a certificate of appealability is denied.

/s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  June 16, 2015 .